# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVER PEREZ, | Civil No. 1:13-CV-1552 |
| **Plaintiff** | |
| v. | |
| CORPORAL RICHARD GAMEZ; OFFICER ANDREW CRONE; BRIAN HUNTER; OFFICERS JOHN DOE 1-6; PRESIDENT JUDGE TODD HOOVER; CAROLYN THOMPSON; JUDGE BERNARD COATES, JR.; JUDGE DEBORAH CURCILLO; JASON LAMBRINO; STEVEN MIMM; JOSEPH GAVAZZI; DAUPHIN COUNTY JANE DOES 1-6, | |
| | **Judge Sylvia H. Rambo** |
| **Defendants** | |

## M E M O R A N D U M

In this Section 1983 civil rights action, Plaintiff sued several individuals asserting violations of his rights protected by the Fourth and Fourteenth Amendments, as well as pendent state law claims. Plaintiff alleged that several police officers, a county sheriff, three judges, a court administrator, three public defenders, and twelve unidentified individuals were the cause of his being incarcerated as the unfortunate result of his brother intentionally misrepresenting himself as Plaintiff during a traffic stop.[1] Presently before the court is a motion for judgment on the pleadings filed by the arresting officer (Doc. 53), wherein he contends that he had probable cause to file charges against Plaintiff and is entitled to

---

[1] By separate memoranda and orders, the court has dismissed Defendants Hunter, Lambrino, Mimm, and Gavazzi (Doc. 47), Defendants Hoover, Thompson, Coates, and Curcillo (Doc. 50), and Defendant Crone (Doc. 52). Thus, Defendant Gamez is the only remaining named defendant in this action.

qualified immunity, and is therefore entitled to judgment in his favor.[2] (Doc. 58.) For the following reasons, Defendant's motion will be denied.

**I.      Background**

As in a Rule 12(b)(6) motion, the court is limited in its review under Rule 12(c) to a few basic documents: the complaint, exhibits attached to the complaint, matters of public record, and undisputed authentic documents if the plaintiff's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The standards governing Rule 12(c) motions are the same ones that govern motions to dismiss under Rule 12(b)(6). *Allah v. Hayman*, 442 F. App'x 632, 635 (3d Cir. 2011) (citing *Spruill v. Gillis*, 372 F.3d 218, 223 n. 2 (3d Cir. 2004)). Thus, the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005).

   **A.     Facts**

At the time relevant to the instant action, Plaintiff, Ever Uribe Perez Velazquez, was 27 years old, and approximately five feet and a half-inch tall. (Doc. 7, ¶¶ 17-20; *see also* Doc. 3-1.) Plaintiff's brother, Jose Luis Perez Velazquez ("Jose"),[3] was 21 years old[4] and approximately five feet and seven inches tall. (Doc.

---

[2] Defendant also argues that he is entitled to judgment in his favor on the pendent state law claim asserted at Count III of the amended complaint. (Doc. 58, pp. 23 of 28.) In response, Plaintiff abandons his state law claims against Defendant Gamez. (Doc. 60, p. 3 n. 1 of 11.)

[3] For ease of reference, the court refers to Plaintiff's brother as "Jose." Such use of a more familiar name is intended solely to avoid confusion between Plaintiff and his brother. No disrespect is intended to Plaintiff's brother by the use of this name convention.

[4] Jose was 21 years old at the time of the events providing the basis for Plaintiff's claims, *i.e.*, Plaintiff's arrest and subsequent detention beginning on June 11, 2011. The court notes that at the
(continued...)

7, ¶¶ 31, 32.)  Both Plaintiff and Jose are Hispanic and citizens of Mexico (*Id.* at ¶¶ 17, 21, 31), and, while Plaintiff "understands some English" but speaks only Spanish (*Id*. at ¶ 22), Jose speaks some English (*Id*. at ¶ 33).  Defendant, Richard Gamez, is a corporal employed by the Pennsylvania State Police.  (*Id.* at ¶ 5; Doc. 24, ¶ 5.)

The facts giving rise to the claims against Defendant ensue from the stop of Jose's operating Plaintiff's vehicle, a burgundy 1998 Ford Windstar minivan, on November 19, 2010 at approximately 9:30 p.m. within the Middle District of Pennsylvania.  (*See* Doc. 7, ¶¶ 35, 36; Doc. 3-3; Doc. 24, ¶ 36.)  According to Defendant's affidavit of probable cause, he initiated the traffic stop due to his observing the vehicle traveling fifteen miles per hour over the speed limit, swerving, crossing the white fog line on three occasions, and nearly striking the westside guardrail.  (Doc. 3-3, p. 6 of 6.)  Jose identified himself as Plaintiff by giving Plaintiff's Mexican passport, which was in the glovebox, to Defendant.  (Doc. 7, ¶¶ 38, 39.)  During the encounter, Defendant observed several indicia of intoxication, and, after Jose failed a portable breath test, Defendant arrested him for driving under the influence of alcohol, and drove him to the Harrisburg Hospital for a blood test, the results of which confirmed that Jose's blood alcohol content was in excess of the legal limit.  (*Id*. at ¶¶ 40, 41; Doc. 3-3, p. 6 of 6.)  Defendant released Jose from custody after photographing him and informing him that he would receive a summons to appear in court.  (Doc. 7, ¶¶ 42, 43.)  Because Jose produced Plaintiff's passport as his only form of identification, Defendant released Jose believing him to be Plaintiff.  (*Id*. at ¶ 39; *see also* Doc. 3-3, p. 6 of 6.)

---

[4](...continued)
time of the underlying event, *i.e.*, the date Jose was stopped by Corporal Gamez and had a blood alcohol level of .081% on November 19, 2010, Jose was only 20 years old.

On November 30, 2010, Defendant filed a police criminal complaint charging Plaintiff with six counts related to the November 19, 2010 incident. (*See* Doc. 7, ¶ 44; *see also* Doc. 3-3.) In the affidavit of probable cause, Defendant recounted the events giving rise to the stop and stated that "[t]he defendant was identified by his International ID as Ever URIVE [sic] PEREZ, DOB: [redacted as submitted]." (Doc. 3-3, p. 6 of 6.) On December 1, 2010, Magisterial District Judge Gregory D. Johnson issued a summons for Plaintiff to appear for a preliminary hearing scheduled for February 7, 2011. (Doc. 7, ¶¶ 49, 53.) Plaintiff alleges he did not receive either summons, and, consequently, failed to appear. (*Id*. at ¶¶ 50, 54.)

Due to Plaintiff's failure to appear, a bench warrant was issued for Plaintiff's arrest. (Doc. 3-4, p. 1 of 5.) On June 11, 2011, at approximately 11:00 a.m., Middletown Police Officer Andrew Crone stopped Plaintiff, who was operating his burgundy 1998 Ford Windstar minivan in the Middle District of Pennsylvania, for speeding. (Doc. 7, ¶ 60.) Plaintiff provided Officer Crone with several documents, including his passport. (*Id*. at ¶ 62.) After discovering the outstanding bench warrant, Officer Crone effectuated Plaintiff's arrest with the assistance of several other law enforcement officers. (*Id*. at ¶ 64.) Due to a series of continuances, Plaintiff was held at Dauphin County Prison until October 18, 2011, at which time a hearing before Dauphin County Court of Common Pleas Judge Deborah E. Curcillo was held. (*Id*. at ¶¶ 105-06.) During this hearing, Defendant compared a photograph of the individual taken at Harrisburg Hospital on the night of the incident to Plaintiff and realized that Plaintiff was not the individual whom he pulled over on November 19, 2010. (*Id.* at ¶ 107; Doc. 3-7, p. 2 of 4.) The prosecutor agreed to amend the information to reflect the name of the individual who

was actually driving, Jose, and to release Plaintiff.  (Doc. 3-7, p. 2 of 4.)  Plaintiff was released from custody on October 18, 2011.  (Doc. 7, ¶ 108.)

### B.     Procedural History

Plaintiff initiated this action on June 10, 2013, and filed his first amended complaint on June 28, 2013.  (Doc. 7.)  In his amended complaint, Plaintiff asserted several constitutional claims, pursuant to 42 U.S.C. § 1983, and named ten defendants, including two law enforcement officers, a county sheriff, three state judges, a court administrator, and three public defenders, in addition to twelve unidentified "Jane" or "John" Doe individuals.  (*Id*.)  Relevant to the instant motion, Plaintiff claimed that Defendant's naming Plaintiff in his affidavit of probable cause was made with a reckless disregard for the truth (*Id*. at ¶ 138) and resulted in an unlawful seizure and malicious prosecution under Pennsylvania state law (*Id*. at ¶¶ 135-148).  Defendant filed his answer on August 26, 2013.  (Doc. 24.)

On December 16, 2013, Defendant filed the instant motion for judgment on the pleadings (Doc. 53), followed by a brief in support on January 10, 2014 (Doc. 58), to which Plaintiff filed a brief in opposition on January 24, 2014 (Doc. 60).  On February 7, 2014, Defendant filed his reply.  (Doc. 61.)  Thus, the matter has been fully briefed and is ripe for consideration.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "after the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c).  Judgment on the pleadings is appropriate if the movant clearly establishes that there are no material issues of fact and that he is entitled to judgment as a matter of law.  *Rosenau v. Unifund Corp.*, 539 F.3d 218,

221 (3d Cir. 2008).  In analyzing a Rule 12(c) motion, a court applies the same legal standards as applicable to a motion filed pursuant to Rule 12(b)(6), *Turbe v. Government of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991); *Bangura v. City of Phila.*, 338 F. App'x 261, 264 (3d Cir. 2009), and must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Morris v. West Manheim Twp.*, Civ. No. 12-cv-1647, 2014 WL 582265, *2 (M.D. Pa. Feb. 14, 2014) (citing *Sikirica*, 416 F.3d at 220).

Accordingly, a complaint will survive a motion under Rule 12(c) only if it states "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Third Circuit, following *Twombly* and *Iqbal*, has held that Rule 8(a) "requires not merely a short and plain statement, but instead mandates a statement showing that the pleader is entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  As in a Rule 12(b)(6) motion, the court is limited in its review under Rule 12(c) to a few basic documents: the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents.  *See Pension Benefit*, 998 F.2d at 1196.

### III.     Discussion

As Plaintiff brings his claims against Defendant pursuant to Section 1983, the court will briefly address the law as it pertains to that statute.  Section 1983 offers private citizens a means to redress violations of federal law committed by state officials.  *See* 42 U.S.C. § 1983.  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or

> the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors." *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To establish a claim under this section, a plaintiff must demonstrate that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

The Fourth Amendment provides the right to be free from unreasonable seizures, a right that an arresting officer violates when the officer arrests a person without probable cause. *See Hanks v. County of Delaware*, 518 F. Supp. 2d 642, 648 (E.D. Pa. 2007) (citing *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). Probable cause exists when the facts and circumstances within an arresting officer's knowledge are sufficient to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested. *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995).

Plaintiff contends that he was arrested without probable cause in violation of his Fourth Amendment right to be free from unreasonable seizure. He

acknowledges that he was arrested pursuant to a warrant, but claims that the warrant was not supported by probable cause. The statements Defendant gave to Magisterial District Judge Johnson clearly established probable cause. Indeed, Defendant swore that, following a traffic stop for the driver's erratic operation of a motor vehicle, he observed several indicia of intoxication and subsequently confirmed his suspicion that the driver was operating the motor vehicle while intoxicated. (Doc. 3-3, p. 6 of 6.) Additionally, Defendant identified Plaintiff as the actor based on the international identification provided to him. (*Id*.)

In light of these facts, the only way Plaintiff can succeed is if he proffers evidence that Defendant recklessly disregarded the truth in his affidavit of probable cause and that the affidavit based on what Defendant *should* have told the Magisterial District Judge would have lacked probable cause for a summons to issue for Plaintiff's appearance. Indeed, neither Plaintiff nor Defendant contest that a plaintiff may succeed in a Section 1983 action for false arrest made pursuant to a warrant if the plaintiff shows, by a preponderance of the evidence: (1) that the police officer "knowingly and deliberately, *or with a reckless disregard for the truth*, made false statements or omissions that create a falsehood"; and (2) that such statements or omissions are material, or necessary, for the finding of probable cause." *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997) (emphasis supplied). Probable cause exists if there is a "fair probability" that the person committed the crime at issue. *See Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000). "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id*.

Here, there is no allegation that Defendant deliberately withheld exculpatory evidence or knowingly misidentified Plaintiff as the individual he arrested on November 19, 2010.  To the contrary, Plaintiff characterizes Defendant's identification of Plaintiff as "reckless" because "any reasonably prudent officer would have recognized that the drunk driver he had just stopped was not the same person depicted in the identification that the driver presented during the traffic stop," especially "in an age of rampant identity theft." (Doc. 60, p. 4 of 11.)  Defendant responds that Jose's intentional misrepresentation was sufficient to establish probable cause that the identified party was the offender.  While the court agrees that an identification based on an accepted form of identification may be, without more, sufficient to establish probable cause, this qualified precept cannot be rendered absolute.

At this juncture, the court is unprepared to grant judgment in Defendant's favor.  Although the court cannot conclude that Defendant acted unreasonably in accepting Plaintiff's international identification for that of Jose on November 19, 2010, it also cannot conclude that Defendant acted reasonably.  The court has not had the luxury of comparing the physical appearances of Plaintiff and Jose[5] to assess the reasonableness of Defendant's reliance on Plaintiff's passport.  Indeed, drawing all reasonable inferences in Plaintiff's favor, the transcript from October 18, 2011 hearing may support a finding that Jose and Plaintiff look significantly different, considering Defendant's concession, upon comparing the November 19, 2010 photographs to Plaintiff's physical appearance, that the

---

[5] As noted by Defendant, Plaintiff attaches to his complaint a copy of his passport that was issued in 2012, over a year after the incident.  (*See* Doc. 3-1.)

individual whom he photographed at the hospital (Jose) was not the person standing before him in court (Plaintiff).  Thus, the pleadings do not clearly establish that Defendant's accepting the identification proffered by Jose was reasonable.

It is for the same reason the court cannot definitively conclude that Defendant is entitled to qualified immunity.  Defendant bears the burden of establishing entitlement to qualified immunity.  *See Campbell v. Moore*, 92 F. App'x 29, 33 (3d Cir. 2004) (citing *Beers-Capitol v. Whetzel*, 256 F.3d 120, 142 n. 15 (3d Cir. 2001)).  In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court established a two-part test to determine whether a defendant can be shielded by qualified immunity.  First, the court considers whether, "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right[.]" *Id*. at 201.  If the facts read in the light most favorable to the plaintiff show a violation of a constitutional right, the court must ask "whether the right was clearly established . . . in light of the specific context of the case." *Id*.  A right is clearly established if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 202.  "A defendant police officer will not be immune if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue." *Reedy v. Evanson*, 615 F.3d 197, 224 (3d Cir. 2010).

Viewing the allegations in the light most favorable to Plaintiff, "no reasonably competent officer would have concluded that a warrant should issue" for Plaintiff based on Jose's giving Defendant a passport containing a photograph that did not look like the individual standing before Defendant on November 19, 2010.

(*See* Doc. 7, ¶ 34 ("[Plaintiff] and Jose do not look alike.")).) Accordingly, the court cannot conclude that Defendant is entitled to qualified immunity.

To be clear, the court's denial of Defendant's motion for judgment on the pleadings on qualified immunity grounds is solely that it is not definitively warranted at this early stage in this case. Qualified immunity remains an available defense, though its applicability cannot be conclusively determined until, at the earliest, the court has the benefit of considering a more developed factual record.

## IV. Conclusion

Based on the foregoing reasons, the court cannot conclude that, when viewed in the light most favorable to Plaintiff, Defendant's reliance on the identification produced by Jose was reasonable and established probable cause that Plaintiff was the individual arrested for operating a motor vehicle while under the influence of alcohol on November 19, 2010. Accordingly, the court cannot determine whether Defendant acted with a reckless disregard when he filed charges against Plaintiff and will deny Defendant's motion for judgment on the pleadings on that basis. Furthermore, based on the allegations contained in the complaint, the court cannot unequivocally conclude that Defendant's reliance on the identification produced by Jose was reasonable. Thus, the court will, at this time, deny Defendant's motion for judgment on the pleadings on that basis.

An appropriate order will issue.

                                                      s/Sylvia H. Rambo  
                                                      United States District Judge

Dated: February 21, 2014.